## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTONIA PABON TORRES, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| SPIRIT AIRLINES, INC., a Delaware Corporation, ) | |
| TOTAL AIRPORT SERVICES, LLC, a Texas ) | |
| Corporation, | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFF'S COMPLAINT AT LAW

## BASIS FOR JURISDICTION AND VENUE

1. That this cause of action originated in the State of Illinois related to an incident that occurred on July 2, 2024 at O'Hare International Airport in Chicago, Illinois and jurisdiction is proper in the United States District Court, Northern District of Illinois from Cook County Circuit Court based upon diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1).

2. That Plaintiff, ANTONIA PABON TORRES, at the time of the incident complained of, resided at 174 N. Edgewood Avenue, Wooddale, Illinois 60191.

3. That Defendant, SPIRIT AIRLINES, INC., is a Delaware Corporation, with a principal place of business in Florida.

4. That Defendant, TOTAL AIRPORT SERVICES, is a Delaware LLC, with a principal place of business in Florida.

5. That the amount of damages in controversy exceeds $75,000.00.

6. That pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the United States District Court in the Northern District of Illinois because a substantial part of the events giving rise to this claim occurred in the City of Chicago, County of Cook, and State of Illinois.

## STATEMENT OF COMMON FACTS

7. That on and prior to July 2, 2024, the Defendant, SPIRIT AIRLINES, INC., was a corporation incorporated in Delaware with a corporate headquarters located in Miramar, Florida, with active operations located at O'Hare International Airport in Chicago, Illinois.

8. That on and prior to July 2, 2024, the Defendant, TOTAL AIRPORT SERVICES, LLC, was a corporation incorporated in Delaware with a principal place of business located in Florida, with active operations located at O'Hare International Airport in Chicago, Illinois.

9. That on and prior to July 2, 2024, the Defendant, SPIRIT AIRLINES, INC., had a contractual relationship with Defendant, TOTAL AIRPORT SERVICES, LLC, whereby TOTAL AIRPORT SERVICES, LLC would handle certain procedures for Defendant SPIRIT AIRLINES, INC., including but not limited to placing the jetbridge safely at the plane door, assisting passengers during the act of boarding planes, including providing assistance for passengers with ambulation issues.

2

10. That on July 2, 2024, the Defendant, SPIRIT AIRLINES, INC., owned (by lease agreement), operated and/or controlled a gate that connects to a jetbridge for the purpose of onboarding passengers onto Spirit Airlines airplanes.

11. That on July 2, 2024, Defendant, SPIRIT AIRLINES, INC., owned (by lease agreement), operated and/or controlled a gate numbered "Gate 5" in a terminal labeled "Terminal 3" that serviced the onboarding of travelers using Spirit Airlines for flight NK175, boarding at about 8:30 a.m. and departing Chicago at about 9:11 a.m. with a destination of San Juan Puerto Rico departing from O'Hare International Airport.

12. That on and before July 2, 2024, Defendant, SPIRIT AIRLINES, INC., owned (by lease agreement), operated and/or controlled a gate numbered "Gate 5" in a terminal labeled "Terminal 3" that serviced the onboarding of travelers and owed the duty of care of a common carrier, the highest degree of care, to its onboarding passengers, including Plaintiff herein.

13. That on July 2, 2024, at approximately 8:30 am, the Plaintiff, ANTONIA PABON TORRES, attempted to board a Spirit Airlines plane at the aforesaid gate and jetbridge, when Defendant, TOTAL AIRPORT SERVICES, LLC, failed to safely and properly place the jetbridge to the plane door for persons then and there boarding the plane.

14. That on and prior to July 2, 2024, Defendant, TOTAL AIRPORT SERVICES, LLC, knew that there had been problems with the aforesaid jet bridge transition at Gate 5 Terminal 3 as evidenced by an injury to Melisa Bell-Churchwell at the same location.

15. That on July 2, 2024, at the aforesaid described time and place, the Defendant, TOTAL AIRPORT SERVICES, LLC., owed a heightened duty of care to the Plaintiff (as a common carrier) to use the utmost care, vigilance and diligence, and to keep the premises safe from unreasonable risk and harm to the Plaintiff, and were then and there guilty of one or more or all of the following acts or omissions to act, to-wit:

  a. Carelessly and negligently failed to keep the premises free from conditions that caused unreasonable risks;

  b. Carelessly and negligently failed to warn patrons of the facilities about unreasonable risks located on the premises;

  c. Carelessly and negligently failed to use the utmost care, vigilance and diligence on behalf of passengers using their facilities while boarding planes;

  d. Carelessly and negligently failed to exercise reasonable care to protect those lawfully on the premises;

  e. Carelessly and negligently designed and maintained the aforesaid "jetbridge" to safeguard against unreasonable risk;

  f. Carelessly and negligently designed and maintained the aforesaid "gate" to safeguard against unreasonable risk;

  g. Otherwise acted or failed to act in an unreasonable and negligent manner.

16. That as a direct and proximate result of the aforesaid, the Plaintiff, ANTONIA PABON TORRES, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause physical pain in body and emotional pain in the mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose time from her employment, thereby incurring losses of sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

  WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against TOTAL AIRPORT SERVICES, LLC and in favor of the Plaintiff in a sum over $75,000.00 and for any other relief that his Court deems just and equitable.

## **COUNT II: NEGLIGENCE, PREMISES LIABILITY**
## **SPIRIT AIRLINES, INC.**

17 – 28. Plaintiff hereby adopts and incorporates paragraphs 1 – 16 (one through sixteen) as her paragraphs 18 – 29 (eighteen through twenty-nine) for Count II of this Complaint at Law as though fully set forth herein.

18. That on July 2, 2024, at the aforesaid described time and place, the Defendant, SPIRIT AIRLINES, INC., owed a heightened duty of care to the Plaintiff (as a common carrier) to use the utmost care, vigilance and diligence, and to keep the premises safe from unreasonable risk and harm to the Plaintiff, and were then and there guilty of one or more or all of the following acts or omissions to act, to-wit:

   h. Carelessly and negligently failed to keep the premises free from conditions that caused unreasonable risks;

   i. Carelessly and negligently failed to warn patrons of the facilities about unreasonable risks located on the premises;

   j. Carelessly and negligently failed to use the utmost care, vigilance and diligence on behalf of passengers using their facilities while boarding planes;

   k. Carelessly and negligently failed to exercise reasonable care to protect those lawfully on the premises;

   l. Carelessly and negligently designed and maintained the aforesaid "jetbridge" to safeguard against unreasonable risk;

   m. Carelessly and negligently designed and maintained the aforesaid "gate" to safeguard against unreasonable risk;

   n. Otherwise acted or failed to act in an unreasonable and negligent manner.

19. That as a direct and proximate result of the aforesaid, the Plaintiff, ANTONIA PABON TORRES, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause physical pain in body and emotional pain in the mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose time from her employment, thereby incurring losses of sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

5

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff in a sum over $75,000.00 and for any other relief that his Court deems just and equitable.

Dated: March 17, 2025				Respectfully submitted,

										**MARY KAY BURDELIK**
										**ATTORNEY FOR PLAINTIFF**


Mary Kay Burdelik
The Burdelik Law Group, LLC
77 W Washington Suite 1605
Chicago, Il 60602
312-263-4444
notices@burdeliklaw.com
ARDC 6026174